**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| GLORIA ELIZABETH GUERRA-HERRERA,<br><br>     Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security; TROY A. MILLER, in his official capacity as Acting Commissioner, U.S. Customs and Border Protection; CHRISTOPHER BULLOCK, in his official capacity as Field Office Director, U.S. Immigration and Customs Enforcement, New Orleans Field Office; and any other appropriate officials,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02524-SHL-atc |

**ORDER REQUIRING RESPONSE**
**AND STAYING TRANSFER OF PETITIONER**

On May 5, 2026, Plaintiff Gloria Elizabeth Guerra-Herrera filed the Emergency Motion for Temporary Restraining Order, Stay of Removal, and Request for Release, which she labeled on the docket as a petition for writ of habeas corpus.[1]  (ECF No. 1.)  Plaintiff is a citizen of El Salvador alleging that she unlawfully entered the United States in 2004.  (Id. at PageID 2.)  In 2005, after she missed an immigration court date in Texas, that immigration court ordered her removed in absentia.  (Id. at PageID 4.)  Since then, Plaintiff has lived in the United States and established a family.  But recently, she was arrested by Immigration and Customs Enforcement ("ICE") during a traffic stop in Tennessee and then transported to the West Tennessee Detention

---

[1] Insofar that the Motion is a request for a temporary restraining order despite this confusing labeling and the alternative habeas-based arguments within, the Court defers the ruling on the Motion until after Defendants' response.

Facility.  (Id. at PageID 5, 15.)  As of the filing of the Motion, Plaintiff has not been deported.

In the Motion, Plaintiff challenges "the timing and manner of [the] execution and . . . lawfulness of her continued detention" by Defendants, but does not explain what about being in Defendants' custody is unlawful.  (Id. at PageID 3.)  Rather, her Motion requests a stay of removal and an order directing her release so that she can continue to pursue lawful status to remain in the United States.  (See generally id. at PageID 8–10 (arguing that the approval of her I-212 form gives "her permission to return to the United States," her I-601A waiver needs to be filed, a reasonable fear interview should be held, and she seeks a "short pause" and "release from detention").)  The Motion asserts that "due process concerns" exist as to Defendants' "execution of removal."  (Id. at PageID 9.)  And it briefly states that the Court has "habeas jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention."  (Id. at PageID 7.)

Several days after Plaintiff filed the Motion, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  Lopez-Campos, 2026 WL 1283891, at *13.  It is presently unclear whether Lopez-Campos or Plaintiff's passing statements about habeas corpus relief are implicated here.  Given the foregoing, it is **ORDERED** as follows:

(1)     Within **five days** of this Order, Plaintiff shall serve one copy each of the Motion and this Order (ECF No. 7) on the United States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street
> Suite 800

Memphis, TN 38103

Additionally, if she has not done so already, Plaintiff shall send the documents listed above to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  Failure to fully comply with these service requirements may justify denial of the Motion.  <u>See</u> Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(2)     Within **two business days** after Plaintiff fully complies with the above requirements, Defendants shall respond in writing.  If the basis of Plaintiff's detention is 8 U.S.C. § 1225(b)(2)(A) and Defendants oppose her release, Defendants shall either distinguish this case from <u>Lopez-Campos v. Raycraft</u>, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), or state why <u>Lopez-Campos</u> otherwise does not apply.  If no such showing is made, Defendants shall state whether they consent to the issuance of the writ.  Alternatively, if Defendants contend that <u>Lopez-Campos</u> does not apply here, they shall state why.

(3)     Plaintiff may file a reply within **two business days** after Defendants' responsive filing.  She is invited, though not required, to clarify whether the Court has jurisdiction here, and the grounds for her request for a stay of removal and immediate release.

(4)     Defendants shall not transfer Plaintiff out of the West Tennessee Detention Facility during the pendency of this action.

**IT IS SO ORDERED,** this 28th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3